IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA WILLCOX,

    Plaintiff,

v.                                                              Civ. No. 14-1164 WJ/GBW

HARTFORD LIFE INSURANCE COMPANY, *et al.*,

    Defendants.

### ORDER GRANTING MOTION TO STAY DISCOVERY

This matter comes before the Court on Defendant's Motion to Stay Pending Ruling on Summary Judgment Motion. *Doc. 26*. Having reviewed the Response (*doc. 30*), and determining that further briefing or argument is unnecessary, the Court will GRANT the motion.

This case involves a dispute over accidental death benefits Plaintiff contends are payable as a result of her husband's death. There is no dispute that Mr. Willcox was covered under an insurance policy issued by HLAIC. There is no dispute that the policy covers only accidental deaths and specifically excludes suicides. There is no dispute that Mr. Willcox's death was a suicide.

On March 16, 2015, Defendants filed a motion for summary judgment. *See doc. 9*. The motion argues that the Court should enforce the suicide exclusion and dismiss the lawsuit. In response, Plaintiff argues that the suicide exclusion is unenforceable as a

1

matter of New Mexico law and policy.  *Compare doc. 9* at 1-2 *with doc. 13* at 2-3.  It is undisputed that, as here, "when one issue may be determinative of the case, the court has the discretion to stay discovery on other issues until the critical issue has been decided."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040 (3d ed.), *cited with approval in Edwards-Flynn v. Yara*, No. 08–0186 JB/ACT, 2009 WL 1588687, at *3 (D.N.M. May 27, 2009).  Plaintiff, however, argues that a complete stay should not be granted.  Plaintiff argues that:

> this Court [should] allow certain limited discovery, which is what is sought by the Plaintiff in this matter.  Specifically, Plaintiff contends that the policy in question is ambiguous and discovery should be allowed to obtain plan documents, marketing and promotional materials prepared by Defendants which may touch upon the issue of whether or not the policy in question is actually a "group policy" as argued by Defendants. . . . As set forth in the summary judgment briefs filed by the Plaintiff, whether or not this policy qualifies as a "group policy" is a key issue as it may determine whether NMSA Section 59A-20-25 prevents the Defendants from relying upon a suicide exclusion to deny coverage. Therefore, whether or not the policy addresses this particular issue of coverage is relevant to whether an ambiguity exists. Given the above, this supports the allowance of some limited discovery by the Plaintiff as set forth above.

*Doc. 30* at 2-3.  In short, Plaintiff asserts that the limited discovery sought is important to the resolution of Defendants' summary judgment motion.  Plaintiff's argument is unavailing because it should have been brought pursuant to FED. R. CIV. P. 56(d).

Rule 56(d) is based on the recognition that a non-moving party may not have conducted sufficient discovery to respond to a summary judgment motion.  However, to take advantage of this provision, the "nonmovant [must] show[] by affidavit or

2

declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). As is plain from the rule, "a prerequisite to granting relief . . . is an affidavit furnished by the nonmovant." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). Plaintiff has not filed such an affidavit. In fact, Plaintiff has responded to the summary judgment motion and did not even argue that evidence beyond the four corners of the document was necessary to her ambiguity argument.[1] Because Plaintiff has failed to properly show that the limited discovery she seeks is necessary for the Court's resolution of Defendant's summary judgment motion, the Court rejects this argument as a basis to deny the motion to stay.

Plaintiff also briefly argues that allowing limited discovery would mitigate some of the delay attendant to staying discovery pending the ruling on the summary judgment motion. The Court is unpersuaded that permitting the limited discovery sought by Plaintiff would materially shorten the discovery period should Defendants' motion be denied. Consequently, the Court rejects this argument as a basis to deny the motion to stay.

If granted, Defendants' summary judgment motion will dispose of all claims. It is fully briefed and ripe for ruling. It would appear from a review of both parties' briefing that the Court's prospective ruling will rest solely on the language of the policy

---

[1] Moreover, Plaintiff subsequently filed her own summary judgment motion presenting the ambiguity argument without the aid of further discovery or arguments outside the policy language. *See* doc. 30.

3

and the application of New Mexico law.  As such, until a ruling on the motion is made, further discovery risks wasting both time and effort.

For the foregoing reasons, Defendant's Motion to Stay Pending Ruling on Summary Judgment Motion (*doc. 26*) is hereby GRANTED.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE